1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SCHIRO,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES OF AMERICA,<br>et al.,<br><br>                    Defendants. | Case No. EDCV 16-982 DMG(JC)<br><br>MEMORANDUM OPINION AND<br>ORDER DISMISSING ACTION |

## I.    BACKGROUND AND SUMMARY

On March 10, 2016, in the United States District Court for the Northern District of Illinois, plaintiff Paul Schiro ("plaintiff"), who was then in federal custody in such district and was formerly housed at the Federal Correctional Institution at Victorville ("FCI Victorville"), is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights Complaint ("Complaint") asserting (1) a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* ("FTCA") ("FTCA Claim" or "Claim One") against the United States of America ("United States") for negligence in treating plaintiff's lung cancer ("Claim One"); and (2) an Eighth Amendment deliberate indifference to a serious medical need claim under Bivens v. Six Unknown Named Agents of Federal Bureau

of Narcotics, 403 U.S. 388 (1971) ("Bivens Claim," "Eighth Amendment Claim," or "Claim Two") against the "Unknown Medical Director, FCI Victorville" ("Medical Director Doe"), predicated upon the asserted failure to afford him adequate medical treatment for his lung cancer. (Complaint at 4-5). The case was subsequently transferred to the Central District of California and assigned to this Court for adjudication.

On May 13, 2016, the Clerk sent a "Notice of Judge Assignment and Reference to a United States Magistrate Judge" ("Notice") to plaintiff at the address he provided on the Complaint ("Address of Record"). The Notice expressly advised plaintiff that he was required to notify the Court within five (5) days of any address change, and that if mail directed by the Clerk to his Address of Record was returned undelivered by the Post Office, and if the Court was not timely notified thereafter of his current address, the Court may dismiss the matter for want of prosecution. The Notice was not returned by the Post Office.

On May 17, 2016, the assigned Magistrate Judge issued an Initial Order Re: Civil Rights Cases ("Initial Order") which also expressly advised plaintiff that he must immediately notify the Court if his address changed and provide the Court with his new address and its effective date, and that the failure to do so may result in the dismissal of the case for want of prosecution. The Clerk sent a copy of the Initial Order to plaintiff at his Address of Record on May 18, 2016. The Initial Order was not returned by the Post Office.

As plaintiff is proceeding *in forma pauperis*, the assigned Magistrate Judge screened the Complaint to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). On October 14, 2016, the Magistrate Judge issued an Order ("October Order") advising plaintiff that the Complaint was deficient for reasons described in the

///

2

October Order,[1] dismissing the <u>Bivens</u>/Eighth Amendment claim against the Medical Director Doe (Claim Two) and such defendant (who was named only in Claim Two) with leave to amend, and directing plaintiff by not later than October 28, 2016, to file a First Amended Complaint, a "Notice of Intent to Proceed Solely Against the United States on the FTCA Claim (Claim One)," or a signed Notice of Dismissal of Medical Director Doe and Eighth Amendment Claim from this action. The October Order further expressly cautioned plaintiff in bold-faced print that the failure timely to file a First Amended Complaint, a Notice of Intent to Proceed Solely Against the United States on the FTCA Claim (Claim One) or a Notice of Dismissal of Medical Director Doe and Eighth Amendment Claim from this action, may result in the dismissal of this action, with or without prejudice, based upon plaintiff's failure to comply with the October Order and/or plaintiff's failure to prosecute. The Clerk sent a copy of the October Order to plaintiff at his Address of Record on October 17, 2016. The October Order was not returned by the Post Office.

As the foregoing October 28, 2016 deadline expired without any action by plaintiff, the Magistrate Judge, on November 16, 2016, issued an Order to Show Cause Re Dismissal ("OSC") directing plaintiff, by December 1, 2016, to show cause in writing why this action should not be dismissed based upon plaintiff's failure to comply with the October Order and/or based upon plaintiff's failure to prosecute. On November 28, 2016, the copy of the OSC which the Clerk sent to plaintiff at his Address of Record was returned as undeliverable.

///

---

[1]Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with citation to authorities, that the Complaint, among other deficiencies: (1) violated Rule 10(b) of the Federal Rules of Civil Procedure because it did not make allegations in numbered paragraphs, each limited as far as practicable to a single set of circumstances; and (2) failed to state an Eighth Amendment deliberate indifference claim against the Medical Director Doe or any other specific, identifiable defendant.

As discussed below, this action is dismissed due to plaintiff's unreasonable failure to prosecute and plaintiff's failure to comply with the October Order.

## II.  PERTINENT LAW

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the Court apprised of his current address at all times.  Local Rule 41-6 provides in pertinent part:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any.  If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

In the instant case, more than fifteen (15) days have passed since the OSC was served upon plaintiff and returned undelivered by the Postal Service.  As noted above, to date, plaintiff has not notified the Court of his new address.

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute.  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

4

1        In determining whether to dismiss an action for failure to prosecute or

2  failure to comply with court orders, a district court must consider several factors,

3  namely (1) the public's interest in expeditious resolution of litigation; (2) the

4  court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the

5  public policy favoring disposition of cases on their merits; and (5) the availability

6  of less drastic alternatives. <u>See</u> <u>In re Eisen</u>, 31 F.3d 1447, 1451 (9th Cir. 1994)

7  (failure to prosecute); <u>Ferdik</u>, 963 F.2d at 1260-61 (failure to comply with court

8  orders). Dismissal is appropriate under the foregoing analysis "where at least four

9  factors support dismissal . . . or where at least three factors 'strongly' support

10  dismissal." <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998)

11  (citations omitted). Where a plaintiff is proceeding *pro se*, however, the court must

12  first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has

13  an opportunity "to amend effectively." <u>Ferdik</u>, 963 F.2d at 1261 (citation omitted).

14  In addition, where a Magistrate Judge originally dismissed the complaint with

15  leave to amend, the District Judge must review that decision before dismissing the

16  entire action. <u>See</u> <u>McKeever</u>, 932 F.2d at 797 ("While the magistrate can dismiss

17  complaints with leave to amend, the district court necessarily must review that

18  decision before dismissing the entire action."). A district judge may not dismiss an

19  action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to

20  file an amended complaint) or for unreasonable failure to prosecute if the initial

21  decision to dismiss a complaint was erroneous. <u>Yourish v. California Amplifier</u>,

22  191 F.3d 983, 992 (9th Cir. 1999) (citing <u>id.</u>).

23  **III.   DISCUSSION AND ORDER**

24        First, the Court has reviewed the October Order, agrees with the October

25  Order, and finds that the Magistrate Judge properly dismissed the <u>Bivens</u>/Eighth

26  Amendment claim against Medical Director Doe (Claim Two) and such defendant

27  (who was named only in Claim Two) with leave to amend, and properly directed

28  plaintiff either to file a First Amended Complaint, a "Notice of Intent to Proceed

Solely Against the United States on the FTCA Claim (Claim One)," or a signed Notice of Dismissal of Medical Director Doe and Eighth Amendment Claim from this action.

Second, plaintiff has been notified that the Complaint fails to state a Bivens/Eighth Amendment claim against Medical Director Doe (Claim Two) and such defendant (who was named only in Claim Two) and that this action was subject to dismissal based upon his failure to comply with the October Order and/or his failure to prosecute, if he failed timely to file a First Amended Complaint, a "Notice of Intent to Proceed Solely Against the United States on the FTCA Claim (Claim One)," or a Notice of Dismissal of Medical Director Doe. Plaintiff – who is presumed to have received the October Order because it was not returned undelivered – has not filed any of the foregoing documents and has not sought an extension of time to do so.

Third, plaintiff has also at least twice been notified of his obligation to keep the Court informed as to his current address and the consequences of his failure to do so, and he has not notified the Court of his current address.

Finally, upon consideration of the five factors noted above, the Court finds plaintiff's unreasonable failure to prosecute his case, to keep the Court apprised of his current address and to otherwise comply with the October Order warrants dismissal. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. In short, plaintiff's failure to keep the Court apprised of his current address or to respond to the Court's directives has caused the action to come to a virtual standstill. The third factor, risk of prejudice to defendants, also weighs strongly in favor of dismissal. Where, like here, there has been such an unreasonable delay, a presumption of injury arises. See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (citation omitted). When evaluating prejudice courts also consider the reasons proffered for delay. See Malone v.

6

1   United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987) (citation omitted),

2   cert denied, 488 U.S. 819 (1988).  Here, plaintiff has proffered no reason.  The

3   fourth factor, the public policy favoring disposition of cases on their merits, is

4   greatly outweighed by the factors in favor of dismissal discussed herein.  As for the

5   fifth factor, since plaintiff has already been cautioned of the consequences of his

6   failure to prosecute and his failure to comply with the Court's orders, and has been

7   afforded the opportunity to avoid such consequences but has not responded, no

8   sanction lesser than dismissal is feasible.  See, e.g., Yourish, 191 F.3d at 989

9   (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure

10   timely to comply with court's order to submit an amended complaint).

11        IT IS THEREFORE ORDERED that this action is dismissed based upon

12   plaintiff's unreasonable failure to prosecute, to keep the Court apprised of his

13   address, and otherwise to comply with the October Order.

14        IT IS SO ORDERED.

15

16   DATED:  December 22, 2016

17

18   _____

19                    DOLLY M. GEE
         UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

7